## Martha J. Rotsell *v.* Borough of Warren, Appellant.

*Negligence—Municipal law—Defective sidewalk—Cause of action.*

It is the duty of the municipality to require abutting property owners to construct and maintain a reasonably safe sidewalk, but where a concrete pavement ends abruptly the borough in adopting, in good faith, and in the use of best judgment, the best plan to remove the obstruction is not to be held liable for error of judgment in devising its remedial structure.

*Negligence—Jury not permitted to infer cause of action.*

Where there is no evidence to disclose a cause of action the jury should not be permitted to supply additional facts and inference necessary to support a cause of action based on the alleged negligence of a borough in the care of its sidewalks.

Argued May 16, 1898. Reargued Feb. 14, 1899. Appeal, No. 188, April T., 1898, by defendant, from judgment of C. P. Warren Co., Sept. T., 1897, No. 26, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by ORLADY, J.

Trespass for personal injuries. Before NOYES, P. J.

The facts sufficiently appear in the opinion of the court.

At the trial defendant submitted among others the following point:

[9. Under the pleadings and evidence in this case the plaintiff is not entitled to recover. *Answer :* The defendant's ninth point asks us to take the case from the jury and is answered in the negative.] [5]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* among others was (5) refusing to affirm defendant's ninth point, reciting point and answer.

*W. W. Wilbur*, of *Wilbur & Schnur*, for appellant.

*Wm. J. Knupp*, for appellee.—It is the duty of the officers of Warren borough to keep the walks in a good condition and repair so that ordinary persons exercising reasonable care and prudence can travel over them with safety: Merriman v. Phil-

lipsburg Borough, 158 Pa. 78; McDade v. Chester City, 117 Pa. 414.

The mere fact that the plank used for a step was in a good condition will not relieve the borough from placing the necessary foot rails and guards around this offset and inequality that should have at least been placed there to protect the public: Forker v. Sandy Lake Borough, 130 Pa. 123; Bauerle v. Philadelphia, 184 Pa. 545.

Where the facts are not clear and simple and where the existence of contributory negligence depends upon inferences to be drawn from the evidence, the question must go to the jury for decision: Readdy v. Shamokin Boro., 137 Pa. 92; Davidson v. R. R., 179 Pa. 227; Allen v. DuBois Borough, 181 Pa. 184.

OPINION BY ORLADY, J., May 15, 1899:

The plaintiff received injuries by falling on a sidewalk in the defendant borough, and on the trial of the cause in the court below, she describes the accident as follows : " I was walking along and was looking out for the step, and I stepped off, and as I stepped down I fell by some reason or other, I don't know just how it did happen I fell so quick and I lay there and couldn't get up." The borough authorities had established a uniform grade for one of its principal streets and its sidewalks, and in conformity with this grade a property owner put down a concrete pavement, which was about twelve inches higher than the old grade of the adjoining pavement. To remedy this abrupt break in the sidewalk, the street committee and sidewalk committee of the council with their engineer had a conference on the ground, and after mature deliberation, concluded that the most efficient method to assure the safety of persons using the sidewalk would be a construct a step at the end of the concrete pavement. In accordance with this plan the defendant placed a heavy hemlock plank twelve inches in width midway between the pavement levels so as to make two steps with a rise of between five and six inches each, the length being the width of the pavement.

From the time the step was placed in the pavement in June until the plaintiff received her injuries in the following November, she had passed over the sidewalk frequently, and was familiar with the location of the step and of its construction.

On the evening of November 21 she passed over it in safety, and on returning in the direction of her home, about 10 o'clock during a storm she fell and was injured. She does not remember whether an electric light, which was located near by, was lighted or not, but testified that even when the light was burning "it flickers and makes it wavy and you can't see; especially when the wind is blowing you can't see at all there;" and that on this night "it was very dark there." The foundation of the action against the borough is a neglect of performance of some duty of the authorities. It was the duty of the defendant borough to require the abutting property owners to construct and maintain a reasonably safe sidewalk, and in the exercise of its control over the sidewalk it had the undoubted right to construct and maintain some expedient at the end of the concrete pavement so as to make the sidewalk reasonably safe for persons traveling over it. The borough authorities recognized the necessity for action, and using their best judgment, in good faith they adopted what they believed to be the best plan for relieving the obstruction. It is not contended that the step was inadequate or defective in its original construction. The arrangement was a satisfactory one, as it had been continuously used for six months. The borough is not to be held liable for an error of judgment in devising the remedial structure without further proof than that which is adduced by the plaintiff.

Moreover her own evidence fails to disclose the cause of the accident. The most friendly interpretation of it suggests no more than a conjecture that she may have fallen down over the step, or, from the pavement into the street, but there is fully as much warrant for the inference that she slipped on some object lying on the pavement. At most, whatever conclusion is reached as to the cause of the accident it is based upon a presumption unsupported by proven facts which are exclusively applicable to it. Her own knowledge of the accident is so uncertain as to justify her only in saying "I don't know how it did happen, I fell so quick," and a jury should not be permitted to supply the additional facts and inferences to be drawn from them. The fifth assignment of error is sustained and the judgment is reversed.