# Morris *v.* Philadelphia.

*Negligence—Muncipalities—Sidewalk.*

The fact that a brick in a slight depression in a sidewalk becomes slightly loosened, without getting out of position, is not sufficient to charge the city with liability for damages for personal injuries to a woman who treads upon the brick, which turns under the pressure of her foot, and causes her to fall.

Argued March 19, 1900. Appeal, No. 425, Jan. T., 1899, by plaintiffs, from order of C. P. No. 4, Phila. Co., March T., 1897, No. 963, refusing to take off nonsuit in case of Melville Morris and Sarah Jane Morris, his wife v. City of Philadelphia. Before GREEN, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*A. S. Ashbridge, Jr.*, for appellants.

*E. Spencer Miller*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee, were not heard, but cited in their printed brief Ford v. School District, 121 Pa. 543.

PER CURIAM, April 16, 1900:

The plaintiff, Mrs. Morris, trod upon a brick in a slight depression in the pavement, and it turned under the pressure of her foot sufficiently to cause her to fall. There was no evidence to show that the brick was out of its position then, or at any time before, but it had become slightly loosened, a circumstance which may easily happen at any time in any part of the city. To hold the city liable in damages for every trivial accident of this kind would be to adopt a measure of liability quite unheard of, and entirely too severe for the ordinary administration of municipal affairs. The possibility of occasional injury in such circumstances is one of the inconveniences of residence in large and populous cities to which the citizen must submit.

Judgment affirmed.