# Reed *v.* Tarentum Borough, Appellant.

|213      357|
|137SC  1524|

213      357
227    1505

*Negligence—Boroughs—Sidewalk—Standard of care.*

The duty of a borough to supervise its sidewalks and to maintain them in a reasonably safe condition is measured by the standard of reasonable care, and it cannot be left to the judgment or caprice of a jury to establish any other standard. The necessity for and the plan of municipal improvements are matters within the discretion of the municipal authorities. The question of necessity is never for a jury, and the question as to the plan is not whether the best and safest plan has been adopted, but whether that adopted is reasonably safe. The same rule applies as to the duty of maintenance.

In an action against a borough to recover damages for injuries occasioned by the projection of a paving stone above adjoining stones in a sidewalk, it is reversible error for the court to instruct the jury as follows: "If you find that it did project up as stated by the plaintiff—and some of the defendant's witnesses show pretty much the same state of affairs—of course there is a difference in their testimony; but if you find that it is a negligent thing for the borough to do, and would fix a better standard for the borough, and think that they ought to have maintained a better and safer sidewalk under the circumstances, and that this was a much traveled street, taking into consideration the size of the place and the number of foot passengers there, then the next question is whether that negligence caused the injury."

Argued Oct. 25, 1905. Appeal, No. 82, Oct. T., 1905, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1902, No. 198, on verdict for plaintiff in case of E. N. Reed v. Tarentum Borough. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MacFARLANE, J.

At the trial it appeared that plaintiff's injuries resulted from a fall occasioned by striking his foot against the edge of a paving stone which projected above the adjoining stones in the sidewalk of a street which was much frequented but poorly lighted. .

The court charged in part as follows:

If you find it did project up as stated by the plaintiff—and some of the defendant's witnesses show pretty much the same

state of affairs ; of course there is a difference in their testimony—but if you find that that is a negligent thing for the borough to do, and would fix a better standard for the borough, and think that they ought to have maintained a better and safer sidewalk under the circumstances, and that this was a much traveled street, taking into consideration the size of the place and the number of foot passengers there, then the next question is whether that negligence caused the injury. [6]

Verdict and judgment for plaintiff for $2,510. Defendant appealed.

*Error assigned* among others was (6) above instruction, quoting it.

*Nelson McVicar*, for appellant.

*Daniel Harrison*, for appellee.

OPINION BY MR. JUSTICE FELL, January 2, 1906 :

The plaintiff's injury was caused by a fall occasioned by his striking his foot against the edge of a paving stone which projected above the adjoining stones in the sidewalk of a much used but poorly lighted street. The instruction in relation to the duty of the borough to supervise its sidewalks and to maintain them in a reasonably safe condition was free from error except the part covered by the sixth assignment of error. This part of the charge left it to the jury to fix a standard for the maintenance of sidewalks and to find the borough negligent if there had been a failure to come up to their conception of what a sidewalk ought to be. The law fixes the standard of duty as reasonable care, and it cannot be left to the judgment or caprice of a jury to establish any other standard. The necessity for and the plan of municipal improvements are matters within the discretion of the municipal authorities. The question of necessity is never for a jury, and the question as to the plan is not whether the best and safest plan has been adopted but whether that adopted is reasonably safe ; and reasonable safety, as in the case of machinery and methods, is to be determined by the standard of ordinary usage : Borough of Easton v. Neff, 102 Pa. 474 ; Canavan v. Oil City, 183 Pa. 611. The

same rule applies as to the duty of maintenance. The question in this case was whether the pavement was reasonably safe. This was to be determined by the standard of ordinary usage and not by a standard the jury might set up.

The sixth specification of error is sustained, and the judgment is reversed with a venire facias de novo.