# Knepper *v.* Tamaqua Borough, Appellant.

*Negligence—Boroughs—Fall at crossing in street—Contributory negligence.*

In an action by a woman against a borough to recover for personal injuries sustained by slipping on smooth or icy stones at a crossing and striking her foot against a crossing plate, binding instructions for the

defendant are proper where the testimony does not show exactly what caused the fall, but does show that it was after plaintiff had slipped that her foot struck against the crossing plate which extended above the level of the pavement, but which without her first slipping and falling against it would have done her no injury.

Submitted Dec. 5, 1907. Appeal, No. 171, Oct. T., 1907, by defendant, from judgment of C. P. Schuylkill Co., March T., 1907, No. 141, on verdict for plaintiff in case of Annie Knepper v. Tamaqua Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $25.00. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. O. Ulrich,* for appellant.—The crossing, the gutter and the crossing plate over the gutter were in a safe condition and the crossing plate was in the same position that it had been for months. It was not dangerous and it was the same kind of plate and in the same kind of position as other plates in other parts of the town; in fact it was the kind of a plate used in the manner and method adopted by the borough for crossings over gutters: Canavan v. City of Oil City, 183 Pa. 611.

The plaintiff knowing of the incline on the pavement and the slippery condition at the time should have exercised better judgment and left the pavement and walked on the street, but with this knowledge of the condition of the crossing the plaintiff assumed the risk and therefore cannot recover: Horner v. Philadelphia, 194 Pa. 542; Mueller v. Ross Township, 152 Pa. 399; Conrad v. Upper Augusta Township, 200 Pa. 337; Garland v. Wilkes-Barre, 212 Pa. 151; McCabe v. Philadelphia, 217 Pa. 140; Duncan v. Philadelphia, 173 Pa. 550; Reed v. Tarentum Borough, 213 Pa. 357.

A borough is not bound to remove every inequality in a street:

Kelchner v. Nanticoke Boro., 209 Pa. 412; Mason v. Philadelphia, 205 Pa. 177; Wright v. Lancaster, 203 Pa. 276.

*Wm. Wilhelm*, with him *Robert J. Graeff*, for appellee, cited: Kellow v. Scranton, 195 Pa. 134.

OPINION BY ORLADY, J., April 20, 1908:

On the trial of this case in the court below the defendant presented a request for instruction to the jury "That under all the evidence the verdict of the jury must be for the defendant," which was refused at the time of trial, and reserved for further consideration by the court; and subsequently a judgment was entered on the verdict. The facts in the case are not disputed. The plaintiff testified that she received her injuries while walking along a street with which she was perfectly familiar about half past eight at night, and as she describes it, "I do not know what I slipped on. It was dark, the lamps were out, but I did not slip on the crossing plate. Certainly I slipped, but I guess there was ice there when I slipped, but I would not slip on the stones." She knew there was a crossing plate at the point where she slipped, that the night was dark, and as she states, "my feet went from under me; one foot went out, and the other went under me." She does not pretend to declare the immediate cause of her fall. After having slipped, her foot struck against a plate which extended above the level of the pavement, but which without her first slipping and falling against it, would have done her no injury. It was not the cause of the accident, independent of the question whether it was an obstruction to public travel, or whether the borough had constructive notice of its existence; and when asked as to whether she could have seen it if she had looked, she replied, "I guess I could if I had looked, if I had looked right sharp. I was not looking for such things. I was walking along, minding my business. I would not have known that that plate had been raised if Brachman did not tell me." Under all the authorities it is clear, that the cause of her injury is not so definitely ascertained by the testimony as to make the borough liable.

The judgment is reversed.