## Eigenbrodt *v.* Williamsport, Appellant.

*Negligence—Municipalities—Defect in street—Province of court and jury.*

1. In an action against a city to recover damages for personal injuries alleged to have been caused by a fall on a defective sidewalk, the plaintiff is not entitled to have the case submitted to the jury where the evidence shows, that although there was an abrupt descent in the sidewalk at or near where plaintiff fell, yet there was no evidence that the plaintiff had entered upon the descent, or that the abruptness of the slope had been the cause of the accident.

2. Inferences must be based on facts proved, and not on mere presumptions.

Argued March 2, 1910. Appeal, No. 11, Feb. T., 1910, by defendant, from judgment of C. P. Lycoming Co., March T., 1909, No. 111, on verdict for plaintiffs, in case of Mary H. Eigenbrodt et al. *v.* City of Williamsport. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Mary H. Eigenbrodt for $660 and for John H. Eigenbrodt for $341.25. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Frank P. Cummings*, city solicitor, for appellant.— Negligence must be proved. When the uncontradicted evidence does not warrant the jury in inferring negligence as the proximate cause of an injury, the court should direct a verdict for the defendant: Behling v. Southwest Penna. Pipe Lines, 160 Pa. 359; Robb v. Connellsville

Boro., 137 Pa. 42; Philadelphia v. Smith, 23 W. N. C. 242; Roach v. Kelly, 194 Pa. 24; Morrison v. Davis & Co., 20 Pa. 171; Phila. & Reading R. R. Co. v. Schertle, 97 Pa. 450; Ford v. Anderson, 139 Pa. 261; Welsh v. R. R. Co., 181 Pa. 461; Reese v. Clark, 146 Pa. 465; Phila. City Pass. Ry. Co. v. Henrice, 92 Pa. 431.

*Otto G. Kaupp*, for appellees.—The case was for the jury: Bond v. Penna. R. R. Co., 218 Pa. 34; Dalmas v. Kemble, 215 Pa. 410; Ackley v. Bradford Township, 32 Pa. Superior Ct. 487.

Opinion by Porter, J., November 21, 1910:

This action is brought by Mary H. Eigenbrodt and her husband to recover damages for injuries suffered by the former in a fall, alleged to have been caused by negligence of the defendant.   The statement filed by plaintiff averred negligence of the defendant in constructing and maintaining a sidewalk which was unsafe, "by reason of an abrupt descent in said sidewalk of about twelve inches."   There was a verdict in favor of the plaintiffs in the court below, and the city of Williamsport appeals.

The evidence disclosed that Railway street and Hancock street were unpaved, that the sidewalk upon Railway street was about twelve inches higher than the cartway of Hancock street at the point of intersection, that across the cartway of Hancock street there was a plank street crossing and that between this plank street crossing and the sidewalk on Railway street the city had constructed and maintained a plank gutter crossing forty-four inches in length and three feet wide, the end which adjoined the sidewalk being twelve inches higher than the end which connected with the plank street crossing; so that this gutter crossing had a slope of twelve inches in forty-four inches.   The maintenance of the gutter crossing having this slope was the only act of negligence upon the part of the city alleged in plaintiff's statement or attempted to be established by the evidence.   The plaintiff called a

number of witnesses who testified that when the gutter crossing was wet it was slippery and they had seen persons fall on it.  The character of the evidence produced in the court below relieves us from the duty of considering whether it was sufficient to sustain a finding that the city was negligent in constructing and maintaining the gutter crossing in this manner.  The burden was upon the plaintiff to prove not only that the city was negligent, but that the negligence of the city caused the injury for which she seeks to recover damages.

The parties had agreed on certain facts including the following: "Mary H. Eigenbrodt, on December 16th, 1907, left her home and was accompanied by Mrs. Bruce Smith, and together they traveled east on Germania street to Railway street, and south on the sidewalk on the east side of Railway street to the intersection of Hancock street and Railway streets, the point of the accident; and Mary H. Eigenbrodt was pushing her baby carriage, with her baby therein, over the sidewalk at the time of the accident."  There is in this agreement nothing from which a jury should have been permitted to infer that the plaintiff was upon the sloping gutter crossing at the time she fell, or that the slope of the crossing caused her to fall.  The only other evidence upon this subject was that of the plaintiff and her friend Mrs. Smith.  The only testimony of the plaintiff upon this point was as follows: "Q. Describe how accident happened?  A. Walking slowly from Mrs. Smith's house down Railway street towards Third and was pushing baby carriage when I fell down the off-set."  The testimony of Mrs. Smith, upon the same subject, was: "Q. What happened on Railway street, where Hancock street comes into it, to Mrs. Eigenbrodt?  A. Mrs. Eigenbrodt was ahead with the baby and I was behind.  Mrs. Eigenbrodt fell, and the carriage was about to fall over when I grabbed it, preventing it from falling over."  This testimony does not disclose that the plaintiff had entered upon the gutter crossing; nor does it show what caused the fall; all that it does show is that she fell "down the

off-set." Yet from this testimony the court below permitted the jury to infer that the fall of the plaintiff had been caused by the sloping gutter crossing. The evidence disclosed that there had been a recent fall of snow and the plaintiff may have fallen from the general slippery condition of the street. The most favorable interpretation of the evidence suggests no more than a conjecture that she may have fallen down over the slope, or from the sidewalk into the street, but there is fully as much warrant for the inference that she slipped on the sidewalk, or stumbled, as that her fall was caused by the gutter crossing upon which the evidence failed to establish that she had entered. Inferences must be based on facts proved, and not on mere presumptions, and the evidence in this case failed to establish any causal connection between the alleged defect and the accident which caused the injury of plaintiff: Philadelphia & Reading Railroad Co. v. Schertle, 97 Pa. 450; Reese v. Clark, 146 Pa. 465; Welsh v. Erie & Wyoming Valley Railroad Co., 181 Pa. 461; Hendrickson v. Chester City, 221 Pa. 120. The court below was called upon to deal with a case in which the evidence failed to disclose a cause of action, and the jury should not have been permitted to supply additional facts and inferences necessary to support a cause of action based on the alleged negligence of the city: Rotsell v. Borough of Warren, 10 Pa. Superior Ct. 283; Knepper v. Tamaqua Borough, 36 Pa. Superior Ct. 183. The point submitted by the city praying for binding instructions ought to have been affirmed.

The judgment is reversed.