**Alston v. Commonwealth**

*Dennis A. Pomo,* for plaintiff.
*Janet S. Selden,* for defendant PennDOT.
*Suzanne Reilly,* for defendant city of Philadelphia.
*Thomas W. Harrity,* for defendant Cook.

LEVIN, *J.,* December 13, 2010—Plaintiff, Kira Alston, brought this action against the defendants, Commonwealth of Pennsylvania and Pennsylvania Department of Transportation ("PennDOT"); the city of Philadelphia ("the city"), and Lawrence Cook ("Mr. Cook," a property owner), to recover damages stemming from a slip and fall

accident that occurred on June 1, 2005, in the vicinity of 5210 Baltimore Avenue, in the city of Philadelphia, near the juncture of a curbside handicap ramp and a sidewalk.

The claims against the city of Philadelphia and PennDOT were resolved by agreement. The releases signed by the plaintiff, Kira Alston, satisfied all of her claims against all of the defendants including Lawrence Cook. The Commonwealth of Pennsylvania did not pursue any cross-claims; however, the city of Philadelphia chose to try its cross-claim against Mr. Cook. Because the city of Philadelphia was only secondarily liable, it proved necessary for the city to try to establish the property owner, Mr. Cook's responsibility to Kira Alston. The city's attempt was to be compensated for the amount they paid to resolve the plaintiff, Kira Alston's claim by seeking to establish the property owner's liability, and then seeking payment from the property owner. The Commonwealth of Pennsylvania did not join in this process.

A jury trial was commenced on July 7, 2010, before the Honorable Stephen E. Levin, in the Court of Common Pleas of Philadelphia County, on the remaining cross-claim.

On July 12, 2010, at the conclusion of plaintiff's case in chief, upon a motion for non-suit filed by defendant Cook, the court entered a compulsory non-suit in favor of defendant, Lawrence Cook, and against the city of Philadelphia on its cross claim. The court found, based on the evidence presented, including photographs of the handicap ramp and sidewalk, direct testimony, and expert testimony, that the alleged defect in the sidewalk was

trivial under the circumstances. The alleged defect was approximately 5/8 of an inch in depth, at most, as conceded by all parties and their experts, and as demonstrated by direct evidence, including photographs by plaintiff and defense.

On July 19, 2010, the city of Philadelphia filed a post-trial motion for judgment n.o.v. in which it argued that the defect was sufficient in size for a jury to find negligence on behalf of co-defendant Cook. Defendant Cook filed an answer in opposition to the city's post trial motion in which he cited well-settled case law holding that minor defects in pavement do not engender liability.

On October 12, 2010, the Honorable Stephen E. Levin denied the city of Philadelphia's motion for post trial relief by an order which stated in pertinent part:

> ...this court is bound, as a matter of law, to hold there is no negligence where the alleged defect, which here was 5/8ths of an inch, is determined to be trivial under the circumstances presented. The maintenance of sidewalks in a reasonably safe condition under the circumstances is all that is required of a property owner.

On October 29, 2010, defendant, Lawrence Cook, filed a praecipe to enter judgment in his favor, and against the city, with respect to its cross-claim.

Subsequently, on November 10, 2010, defendant, city of Philadelphia filed a timely notice of appeal seeking appellate review of this court's order denying the city's post-trial motion, and upholding compulsory non-suit.

For the following reasons, this court's compulsory non-

suit and order denying the city's post trial motion should be affirmed.

## I. BACKGROUND

On June 5, 2005, at approximately 8:45 p.m. in the evening, plaintiff Kira Alston was walking in the vicinity of the northwest corner of 5200 Baltimore Avenue. The street lighting was dim. Ms. Alston was familiar with the area because her uncle and cousin lived around the corner. She visited them about twice a week. She had walked on the same corner many times before. On the evening in question, Ms. Alston testified that she and her cousin, Juanita Keno, had gone on foot to get food at a Chinese Store and at Crown Chicken on Baltimore Avenue across the street. They were returning from these errands when the accident occurred.

Ms. Alston crossed the street with her cousin and walked up the handicap ramp that PennDOT had installed as a cutout into the curb and sidewalk on the corner of 52nd Street and Baltimore. Ms. Alston testified that as she walked up the pavement handicap ramp, the toes of her foot went into a crack that was at the portion of the ramp adjoining the sidewalk. She fell to her knees, then twisted to her side, and ended up falling on her back. She did not see the crack until she was laying on her back with her head out toward the street.

Ms. Alston felt a combination of numbness and pain. She was taken by ambulance to Misercordia Hospital. Later she was transported to the University of Pennsylvania Hospital where she underwent surgery placing pins in her leg to stabilize a fracture. In addition a metal rod

was placed in her leg. The surgery was complicated by infection. Finally, she underwent rehabilitation at Manor Care Nursing Home, however, she now had a condition of drop foot. There was further surgery to shorten the tendon. A series of braces were placed on her leg to try to straighten it. For medium to long distances Ms. Alston requires a wheelchair. For very short distances she can use a walker.

There is no question that Ms. Alston was severely injured. The city of Philadelphia and PennDOT chose to settle their claims rather than risk a jury verdict, obtaining general releases signed by the plaintiff, Kira Alston, which satisfied all of her claims against all of the defendants. The city of Philadelphia's cross claim was asserted based on its position that that the property owner had the primary responsibility to keep the sidewalk in repair, and that the municipality had only secondary liability, based on the Political Subdivision Torts Claims Act, 42 Pa. C.S. Section 8542 (b)(7). For the city to prevail on its cross claim against Mr. Cook, it had to step into the shoes of the original plaintiff, Kira Alston, and to prove her claim against Lawrence Cook. For its part, PennDOT chose not to pursue its potential cross claim. Thus, the question raised by this case was simply whether the defect in the pavement was large enough in size to give rise to liability under the circumstances, or whether the defect was so small as to not implicate the liability of the property owner.

## II. DISCUSSION

### A) *Standard of Review*

In the case subjudice, the trial court determined that a

cause of action was not established because of the minimal nature of the defect. In *Wu v. Spence*, M.D., 605 A.2d 395, (Pa. Super. 1992), the Superior Court enunciated the standard of review for compulsory non-suit as follows.

> The standard of review on the appeal of a denial of a motion to remove a nonsuit is well settled. The plaintiff must be allowed the benefit of all favorable evidence and reasonable inferences arising therefrom, and any conflicts in the evidence must be resolved in favor of plaintiff. *Coatesville Contractors v. Borough of Ridley,* 509 Pa. 553, 558-60, 506 A.2d, 862, 865 (1986). Further, "it has been long settled that a compulsory non-suit can only be granted in cases where it is clear that a cause of action has not been established." *Id.* "However, where it is clear a cause of action has not been established, a compulsory non-suit is proper." *Toth v. Economy Office Forms Corp.,* 391 Pa. Super. 383, 386-88, 571 A.2d 420, 422 (1990). "We must, therefore, review the evidence to determine whether the order entering judgment of compulsory nonsuit was proper. *Coatesville,* 509 Pa. at 559-60, 506 A.2d at 865. With this as our standard of review, we have reviewed the record in this matter, and find that it is clear no cause of action was established, and therefore, the trial court properly granted the nonsuit.

Likewise, in this case, where the un-contradicted evidence showed that the alleged defect was no more than 5/8", a compulsory nonsuit was mandatory under the circumstances based on the well settled caselaw of the Commonwealth as discussed more fully below. Further, it

is important to note that in this case the plaintiff is not the appellant, rather, the city of Philadelphia is appealing the entry of non-suit which had the effect of extinguishing its cross-claim against defendant Cook.

B) *This Court Properly Entered Compulsory Non-Suit Based on the Trivial Nature of the Pavement Defect*

The question presented on appeal is whether a mere 5/8ths of an inch defect in the pavement at the juncture of a handicap ramp installed by PennDOT leading into the level sidewalk adjacent to defendant Cook's property is a trivial defect by law.

No definite rule can be laid down as to the depth or size of a sidewalk depression to determine whether the defect is trivial as a matter of law. See *Breskin v. 535 5th Ave,* 381 Pa. 461, 463, 113 A.2d 316, 318(Pa. 1955).

Nonetheless there are a plethora of prior appellate decisions where sidewalk depressions greater in depth and size than the one at issue were found to provide no basis for liability as a matter of law. See *Dudley v. Feldman and Philadelphia Gas,* 31 Phila. 408, 1996 Phila Cty. Rptr.; 30 Pa. D. & C. 4th 97, citing *Bosack v. Pittsburgh Railways Co.,* 410 Pa. 558, 583, 189 A.2d 877, 880 (1963), which discussed adjoining cobblestones with 1 1/2" vertical separation; *Harrison v. Pittsburgh,* 353 Pa. 22, 44 A.2d 273 (1945), discussing a manhole cover projecting 2" above the sidewalk; *Magennis v. Pittsburgh,* 352 Pa. 147, 150, 42 A.2d 449, 450 (1945), involving a 1 1/2" depression that was 12" by 15"; *Foster v. West View Borough, et al.* 195 A. 82 (Pa. 1937), where there was a depressed unpaved area adjacent to the sidewalk which was 2 feet long and

2-4 inches below the level of the sidewalk; *McGlinn v. Philadelphia et al.*, 186 A.747 (Pa. 1936), which found no liability where there was a 1 1/2" vertical separation between abutting curbstones; *Newell v. Pittsburgh*, 123 A.768 (Pa. 1924), involving 1 1/2" vertical separation between adjoining flagstones at a street crossing; and *Pischke v. Dormont Borough*, 33 A.2d 480 (Pa Super. 1943), no liability for saucer like depression of 1 1/2".

Here, it is clear that the well-settled case law cited above mandates the compulsory nonsuit as entered by the trial court.

Under the applicable standard of review, the Pennsylvania Supreme Court upheld the refusal of the trial court to remove a compulsory non-suit involving a pedestrian injured by a fall on a sidewalk in the Borough of West View, Allegheny County in a case in which the municipality and additional defendant property owners were sued. See *Foster v. West View Borough, et al.* 195 A. 82 (Pa. 1937). In *Foster*, the question was whether there had been a negligent failure to maintain the sidewalk. Moreover, the difference in elevation between the sidewalk and an unpaved area was 2 to 4 inches. The Supreme Court found that compulsory non-suit was proper and noted:

> The general rule with respect to cases of this character has been stated recently in *Burns v. City of Pittsburgh*, 320 Pa. 92, where we said (p.94) "The city had the duty of maintaining its streets in a reasonably safe condition for travel; and, to enable plaintiff to recover, he must establish a breach of duty which caused his injury. Proof of injury alone, without more, or of the existence of the

negligent condition without showing that it caused the injury complained of, is insufficient to establish a case of liability. *Erbe v. P.R.T. Co.* 256 Pa. 567, 570; *Beck v. Germantown Cricket Club*, 37 Pa. Super. Ct. 521...

It is simply unreasonable and utterly idealistic to hold municipalities and property owners to a standard of maintaining pavement in pristine condition. The Pa. Supreme Court discussed the standard of care in upholding a compulsory nonsuit in *McGlinn v. Philadelphia et al.*, 186 A. 747 (Pa. 1936):

> The standard of care to which a city is held in the maintenance of its sidewalks is one of reasonable safety. It is not an insurer of absolute safety of the pedestrians who make use of its sidewalks and streets: *Burns v. City of Pittsburgh*, 320 Pa. 92. Not every depression or irregularity will serve to charge it with liability: *Williams v. Kozlowski*, 313 Pa. 219, 223. Each case must depend on its surrounding circumstances: *Shafer v. Philadelphia*, 60 Pa. Superior 256, 258. Possibility of accident will not warrant recovery: *McIntyre v. City of Pittsburgh*, 238 Pa. 524, 527.

In *Newell v. Pittsburgh*, 123 A. 768 (Pa. 1924), another premises liability case discussed by the Pa. Supreme Court, a plaintiff crossing the street at night brought suit where there was a one and one half inch difference in elevation between paving stones.

The court upheld JNOV for the defendant and opined:

> The surface of city streets cannot be maintained in absolutely level condition. There must necessarily be

unevenness and offsets here and there. The law does not require perfect sidewalks. The standard is reasonable safety. *Id.* at 769.

More recently, in a Philadelphia County case, *Dudley v. Feldman and Philadelphia Gas*, 31 Phila. 408, 1996 Phila Cty. Rptr.; 30 Pa. D. & C. 4th 97, which reviewed more than half a century of caselaw as discussed above, a 1 1/2" to 3/4" depression did not result in a breach of duty of care to a minor plaintiff, who broke his foot.

Our courts have wisely recognized that "the law does not require that sidewalks shall be as free of defects, imperfections, irregularities, unevennesses (sic), etc., as the floors of buildings." *German v. McKeesport City*, 8 A.2d 437, 440 (Pa. Super. 1939). In *German*, which involves a 1 1/2" defect in a sidewalk, the Superior Court stated that to impose liability, "the defect must be so large and unusual as to appear dangerous to the ordinary pedestrian and everyday passerby," and cautions against placing liability on common and usual sidewalk imperfections. *Id.* at 48, 8 A.2d at 441. Later cases have clearly restated the underlying principle that "an elevation, a depression or an irregularity on a street or highway may be so trivial that courts, as a matter of law, are bound to hold that there was no negligence in permitting such depression or irregularity to exist. *Bosack v. Pittsburgh Railways Co.*, 410 Pa. 558, 583, 189 A.2d 877, 880 (1963).

Indeed, in an even more recent Philadelphia County case the trial court granted summary judgment in favor of the defendant property owner where the alleged defect was no more than an inch between parking lot blacktop

and an adjoining sidewalk. *Lawler v. Berat Corp.*, 2006 Phila. Ct. Com. Pl. LEXIS 377.

Here, the city of Philadelphia contends that a reasonable jury could have found that there was evidence of negligent sidewalk maintenance by the property owner Mr. Cook and cites federal guidelines for standards of care of a sidewalk involving a handicap ramp. However, the city's liability expert himself agreed that there are thousands of sidewalks in Philadelphia with elevation levels of less than one inch. It would simply have been both contrary to caselaw and the imposition of an impossible standard of care throughout a modern metropolis to not have ruled as a matter of law that the 5/8" defect at issue was anything other than trivial Further, the federal guidelines cited by the city's expert for handicap ramps where just that, guidelines, and not binding upon this court. The city does not cite a law binding the property owner or the city under the facts of this case where PennDOT installed a handicap ramp which at a small corner of the juncture with the sidewalk manifested a 5/8" difference in elevation, at most.

Given the overwhelming weight of the case law, and almost a century of established public policy the court's entry of compulsory non-suit was appropriate. In fact, the court was bound as a matter of law to find no negligence where the defect is determined to be trivial. The reasonably safe condition which existed here was all that is necessary for the property owner, Lawrence Cook, to be found to have met the standard of care.

## III. CONCLUSION

For the foregoing reasons, this court's entry of compulsory non-suit was proper based on the evidence presented. Said order and judgment should be affirmed.