J-E02003-14

2015 PA Super 8

| GUADALUPE REINOSO & EDMUNDO DOMINGUEZ, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| V. | |
| HERITAGE WARMINSTER SPE LLC V. KOHL'S DEPARTMENT STORES, INC. T/A KOHL'S AND LOTS & US, INC. | |
| | No. 3174 EDA 2012 |

Appeal from the Order Dated October 10, 2012
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2010-07483

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, J., SHOGAN, J.,
ALLEN, J., OTT, J., WECHT, J., STABILE, J., and JENKINS, J.

DISSENTING OPINION BY OTT, J.:                **FILED JANUARY 14, 2015**

Because I do not believe the trial court committed an error in granting summary judgment[1] by determining the 5/8 inch misalignment between sidewalk blocks was, as a matter of law, a trivial defect, I respectfully dissent.

The standard used to evaluate the nature of a defect has been succinctly set forth as follows:

---

[1] The majority has set forth the well-known standard for review of a grant of summary judgment.

> What constitutes a defect sufficient to render the property owner liable must be determined in the light of the circumstances of the particular case, and 'except where the defect is obviously trivial, that question must be submitted to the jury'. ***Aloia v. City of Washington***, 361 Pa. 620, 623, 65 A.2d 685, 686. "An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter as law, is bound to hold that there was no negligence in permitting it to exist' * * *. But 'there is a shadow zone where such question must be submitted to a jury whose duty it is to take into account all the circumstances. To hold otherwise would result in the court ultimately fixing the dividing line to the fraction of an inch, a result which is absurd". ***Henn v. City of Pittsburgh***, 343 Pa. 256, 258, 22 A.2d 742, 743. No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression necessary to convict an owner of premises of negligence in permitting its continued existence: ***Emmery v. Stanley Co. of America***, 139 Pa.Super. 69, 72, 10 A.2d 795.

***Breskin v. 535 Fifth Avenue***, 113 A.2d 316, 318 (Pa. 1955).

The determination that a defect may be deemed trivial as a matter of law is derived from the recognition that "[s]light irregularities in the surface of sidewalks … are unavoidable in a city, and are so common as not to constitute any undue hazard to pedestrians." ***Van Ormer v. City of Pittsburgh***, 31 A.2d 503 (Pa. 1943). Further, "[t]o impose a burden of liability on either municipality or property owner for an imperfection as common and usual … would put an intolerable burden on the property owner." ***Id***. at 504.

The notion that sidewalks are inherently imperfect, containing defects that might cause a person to fall, but are nonetheless not actionable, has been explained in a common sense manner:

> To impose a burden of liability on either municipality or property owner for an imperfection as common and usual as that relied on

to create liability in this case [a hole two inches wide and one inch deep] would put an intolerable burden on the property owner and the city…

***German v. City of McKeesport***, 8 A.2d 437 (Pa. Super. 1939).[2]

Thus, the legal basis upon which a defect is deemed trivial and non-actionable recognizes that even a trivial defect could cause a person to trip, and indeed, was formulated through cases in which the plaintiff in each instance claimed to have fallen and suffered injury. However, recognition that the defect was a tripping hazard, by itself, is not determinative of the question whether the defect presents a question for the jury.

The determination of whether the defect is trivial must be considered in light of the duty owed to, in this case an invitee, by the possessor of the land. This duty is set forth in the Restatement (Second) of Torts, § 343, which states, in relevant part:

> A possessor of land is subject to liability for physical harm caused to his invitee by a condition of the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an **unreasonable risk of harm** to such invitees

---

[2] This "common and usual" concept appears in case law through the years, including ***Alston v. Commonwealth and PennDOT***, 20 Pa. D. & C. 5th 49 (2010), *aff'd*, 31 A.3d 331 (Pa. Cmwlth. 2011)(unpublished memorandum). In ***Alston***, a 5/8 inch height differential was determined to be trivial as a matter of law. The trial court noted the factual admission by the City of Philadelphia that there are thousands of elevation differences of less than one inch on the sidewalks of Philadelphia. ***Alston***, 20 Pa. D. & C. 5th at *5. While the holding in ***Alston*** is not binding on our Court, the factual admission is enlightening.

Restatement (Torts) 2d, § 343(a) (emphasis added).

Although the duty owed to an invitee is the highest duty imposed upon a landowner. **See Charlie v. Erie Ins. Exchange**, 100 A.3d 244, 254 (Pa. Super. 2014), the standard for determining liability, based upon the nature of the defect, is the same regardless of whether the complainant is an invitee or licensee. **See** Restatement (Second) of Torts, §§ 342(a), 343(a). The determining factor for landowner liability is whether the condition represents an "unreasonable risk of harm."[3]

With these standards and principles in mind, I examine the specific circumstances of the incident, as required by our Supreme Court. **Breskin**, **supra**.

I quote the entire statement of the accident as related by Reinoso in her brief.

> On May 15, 2009, Plaintiff Guadalupe Reinoso, date of birth August 1, 1948, fell and was injured while walking on the defendant's sidewalk. At the time of the accident, the plaintiff was wearing flat shoes. She was at the location of the accident serving as a volunteer for a charitable cause known as "Child of Yours, A Program to Benefit Abused Children."
>
> The defendants have admitted that they owned, managed, maintained and/or were the landlord of the Warminster Town Center which is located at 918 West Street Road, Warminster, PA 18974. On the property is the shopping center and sidewalk where Mrs. Reinoso fell. At the time of the accident, plaintiff was

_____

[3] Because the only issue before us is whether the defect represented an unreasonable risk or was trivial, we need not be concerned about the other aspects of the landowner's duty to an invitee.

> walking with her granddaughter, holding hands and when they arrived at a point where the sidewalk was lifted, both plaintiff and her granddaughter tripped and fell. Plaintiff testified further that she tripped over the elevated portion of the sidewalk causing her to fall.

Reinoso Brief, at 6.

Thus, the relevant factual history, as related by Reinoso, is that she was walking with her granddaughter, while wearing flats, and she tripped and fell over an uneven portion of the sidewalk. She does not report that the sidewalk was crowded, and her deposition states that she tripped in the late afternoon and that it was sunny. *See* Reinoso Deposition, 11/1/2011, at 17.

However, Reinoso complains that the trial court failed to account for the fact that her expert concluded that the 5/8 inch change in height (the defect) was well above the 1/4 inch tripping hazard described in various standards and codes. The expert also claimed, "The defect was not highlighted in any way." *See* Expert Report at 8. However, that statement is clearly belied by the photograph attached to the expert report, where the height difference is demonstrated by a dark line running precisely through the spot where Reinoso indicated she fell. Additionally, the owner of Lots N' Us, one of the co-defendants, had expressed his concern prior to the incident that the defect constituted a tripping hazard. The majority agrees that it was error for the trial court to ignore these "additional facts," and therefore, the issue of liability was properly for a jury to determine.

I do not believe these "additional facts" negate the trial court's determination that the defect was trivial. The co-defendant merely stated his non-expert opinion that the defect represented a tripping hazard. The expert opined the defect constituted a tripping hazard and attached a specific height, 1/4 inch, to define a tripping hazard. However, our Supreme Court has prohibited the introduction of a "definite or mathematical rule." *See Breskin*, *supra*. Because a trivial defect can cause a trip and fall without imposing liability, what is determinative is whether the defect posed an unreasonable risk of harm to Reinoso.

A review of trip and fall cases in which a height difference in sidewalks or walkways was a factor provides context for this determination. In *Mull v. Ickes*, 994 A.2d 1137 (Pa. Super. 2010), a defect consisting of a one and one-half inch height differential, a slight grade in the sidewalk block and a two inch gap in the sidewalk could not be considered a trivial defect as a matter of law. In *Landy v. Romeo*, 417 A.2d 1260 (Pa. Super. 1979), a fourteen inch wide, two inch deep defect, that was covered by leaves, was not trivial. Finally, in *Breskin*, *supra*, a four to five inch break in the sidewalk, one to one and one-half inches deep, undetectable because of the crowded sidewalk, was not trivial.

In *Bosack v. Pittsburgh Railways Co.*, 189 A.2d 877 (Pa. 1963), a one and one-half inch depression in cobblestones between railroad tracks was insufficient as a matter of law to impose liability. In *German v. City of McKeesport*, *supra*, a two inch wide, one inch deep irregularity, filled with

dirt and seemingly solid, was similarly insufficient. In *Van Ormer*, *supra*, a one-inch deep depression in the paving stones did not, as a matter of law impose liability.

In the cited cases where a trivial defect was found, there are attributes to the defect other than height differential. In *Mull*, *Landy* and *Breskin*, the height differentials were all greater than one inch and had other gaps or defects in the walkway, or the hazard was otherwise hidden. None of those additional circumstances are found in the instant case.

In *Bosack*, *German*, and *Van Ormer*, the defect was described mainly in terms of height differential, without other problems. Furthermore, the height differentials in those cases were all greater than the 5/8 inch differential presented instantly.[4]

Additionally, Reinoso's expert noted that defects similar to the one at issue were common to the area and were, at least partially, caused by the root systems of the trees that were planted next to the sidewalks. *See* Expert's Report at 7, 8, 11-13. It is a situation common to the urban/suburban experience, where trees are routinely planted next to sidewalks. I would submit this aspect of the expert report echoes the

---

[4] I do not intend to suggest that a height difference alone can never be sufficient to overcome designation as a trivial defect. Case law is clear that all such determinations must be made on a case-by-case basis.

appellate courts' continuing discussion of the common and usual defects found on sidewalks.

Our Supreme Court and the Restatement both permit the trial court to make a determination that certain defects are too trivial to impose legal liability upon the landowner, regardless of the fact the defect caused a person to trip and fall.[5]

Guided by the above discussed case law, I conclude the trial court did not commit an error of law in determining the 5/8 inch height differential, an undisputed fact, without any other relevant attendant circumstances, represents the type of common and usual defect inherently found in sidewalks that makes such defect obviously trivial as a matter of law. Reinoso presented no facts, other than the height difference, to support her claim the sidewalk had been negligently maintained. Our Court's decision in *German v. City of McKeesport*, *supra*, also stated:

> There are certain reasonable risks that every person who uses city streets must assume as inconveniences to be set off against the advantages of city life (*Morris v. Philadelphia*, *supra* [45 A. 1068 (Pa. 1900)]), and this case presents one of them.

*Id.*, 8 A.2d at 441. I believe that statement applies herein.

Accordingly, I respectfully dissent.

---

[5] I believe, given the evidentiary record presented herein, the majority decision makes it virtually impossible for a trial court to determine a defect is trivial and be upheld. This result would effectively overrule existing case law upon which the trial court is entitled to rely in granting summary judgment.

President Judge Emeritus Bender and Judge Shogan join this dissenting opinion.