Kisthardt, to use, Appellant, *v.* Betts et al.

234

Argued January 30, 1933. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Everett Kent,* with him *George I. Puhak* and *David Greenberg,* for appellant, cited: Dalmas v. Kemble, 215 Pa. 410; Ackley v. Twp., 32 Pa. Superior Ct. 487; Singer Mfg. Co. v. Christian, 211 Pa. 534; Statler v. R. R., 299 Pa. 321.

*Frank P. McCluskey,* with him *Charles P. Maxwell* and *Raymond C. Weber,* for appellees.

OPINION BY MR. JUSTICE DREW, March 20, 1933:

The facts of this case are a bit complicated. However, to determine the question now before us, it is not necessary to review them in detail. After a verdict for plaintiff, the lower court entered judgment n. o. v. for defendants, and plaintiff appealed.

The sole question for our decision is whether the testimony was such as to require the submission of the case to the jury. The court below held that it was not, that

a single statement made by plaintiff, which of itself was open to a double interpretation, was an admission which concluded the case in favor of defendants. We are unable to bring ourselves to the same conclusion. After a careful reading of the whole record, we are convinced that the case was for the jury, and that judgment n. o. v. should not have been entered.

For the purposes of this appeal, the essential facts are these: Plaintiff and defendants entered into a real estate transaction which involved, inter alia, the transfer of a $6,500 mortgage from plaintiff to defendants. The vital point in dispute was whether this mortgage was represented to be a second mortgage. It was in fact a third mortgage. As part of the purchase price of the mortgage, plaintiff was given checks aggregating $4,500, payment upon which defendants later stopped, claiming that they had discovered that there was misrepresentation regarding the mortgage. They claimed, and Moore, a real estate agent who acted for both sides, also testified, that plaintiff had represented it to be a second mortgage. Plaintiff, in his testimony, denied throughout that he had ever made such a statement, and asserted that he had offered his mortgage for sale without any representation as to its position as a lien. It is true, as the lower court in its opinion points out, that at one place in his testimony plaintiff did say that such a representation was made by Moore, his agent, but as we view plaintiff's whole testimony, it is unfair to him to say that he meant by that statement that he knew, prior to the closing of the transaction and the delivery of the checks, that Moore had made such a representation to defendants. We think the plaintiff's testimony clearly shows that it was only after the transaction was closed and the checks delivered that plaintiff learned that Moore had so represented the mortgage to defendants. However, the defendant James A. Betts, who acted in the transaction for both himself and the other defendant, admitted on the stand that at the time he delivered the checks he knew it

was a third mortgage, because he had examined the records in the office of the recorder of deeds. He explains or excuses his action in delivering the checks under the circumstances by saying that plaintiff told him that he would pay off the second mortgage and thus make the $6,500 mortgage a second mortgage. This was denied by plaintiff, and hence a disputed question of fact was raised, which could only be determined by a jury. It was resolved by the jury in plaintiff's favor, and we are forced to conclude that the court below was in error in setting the verdict aside and entering judgment for defendants. Since the facts show that although there was a real estate agent in the transaction representing both sides, the parties were dealing personally with each other at the time this agreement was alleged to have been made, no question of Moore's authority to bind plaintiff by such an agreement arises.

The judgment is reversed and the record is remitted to the court below, with leave to reinstate the motion for a new trial.