Hayden, Appellant, v. Philadelphia.

Argued November 11, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Harry O. Weinberg,* for appellant.

*Glenn A. Troutman* and *Richard P. Brown, Jr.,* with them *Arthur Littleton, Morgan, Lewis & Bockius* and *McWilliams, Wagoner & Troutman,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, March 14, 1955:

Plaintiff instituted this action of trespass against the City of Philadelphia, alleging that she sustained personal injuries when she fell as a result of a defective sidewalk. The city joined as additional defendants the owner and the tenant of the abutting property, and the Philadelphia Gas Works. The latter joined as an additional defendant its paving contractor, Dan A. Cedrone, on the theory that he had agreed to indemnify it for damages recovered for injuries resulting

from his failure to pave defects within 24 hours after notice to do so.

The jury returned a verdict for plaintiff against the Philadelphia Gas Works. The court molded the verdict as one against the Gas Works and a verdict over for the Gas Works against Cedrone. It then granted the motions for judgment n.o.v. filed by both defendants, and plaintiff appeals. The record discloses that the court was in error.

Taken most favorably to plaintiff, the testimony established: On January 13, 1952, as plaintiff, with four companions, walked along Broad Street, in Philadelphia, her foot sank into a cinder portion of the sidewalk which was three or four inches below the level of the paved portion. Prior thereto, and on January 3, 1952, the Gas Works learned that there existed at this point a circular depression about twenty feet in diameter, extending over the sidewalk. It thereupon excavated to examine its gas main and make it secure, and then filled the excavation with dirt and ashes. There was no guard or barrier placed at the point of excavation on the sidewalk. The Gas Works thereafter made no examination or check of the excavated portion. On January 9th Cedrone was notified by the Gas Works to pave the portion excavated, but the work had not yet been done on the day of the accident. The contract between Cedrone and the Gas Works provided, inter alia, that he would indemnify it from any liability for injuries resulting to anyone and caused by nonperformance of paving work or by "delay in starting the work for more than twenty-four (24) hours after receipt of notice to do the work . . ."

The court below disclosed that it granted judgment n.o.v. because "plaintiff established merely the existence of a dangerous condition," that she did not prove "either that the condition existed for such a period of

time as to give constructive notice or that it was the direct result of the negligence of the Gas Company." It further declared that the verdict would have been proper if plaintiff had proved that "only one cinder area existed, into which plaintiff fell, . . . [thus making it] immaterial whether plaintiff and her witnesses place the defect and the point of the fall at the same point, since in any event there was only one hole." But, the court found that since the spot indicated by plaintiff and that shown by her witness were not the same, and because her other witness testified that "other men worked on the sidewalk at indeterminate dates subsequent to January 3, . . . the jury could, at best, only guess whether the hole into which plaintiff fell was the same hole created by the Gas Company on January 3."

The difficulty with the court's position is that plaintiff's witness did not establish that work by others had been done on the sidewalk after the Gas Works performed its work. This witness was not sure in any respect as to where the additional work had been done. At one point she stated that the others "came and started to dig up the *street, not the pavement* but the street." (Italics supplied). She also testified that "there was a fence around it [the area filled] with lights around it," whereas it was not disputed that such had not been done. In fact, it would appear that this was done only as to a portion of the street. Her credibility and the reconciliation of conflicting testimony were for the jury, not the court: *MacDonald, Admrx. v. Pennsylvania Railroad Co.,* 348 Pa. 558, 36 A. 2d 492; *Danko v. Pittsburgh Railways Company,* 230 Pa. 295, 79 A. 511.

The testimony discloses that, contrary to the court's conclusion, only one cinder area had existed on the sidewalk and that plaintiff fell in this area. There-

138

fore, the fact that there was some discrepancy as to the exact location of the defect is immaterial. It was again for the jury to determine the fact from the evidence, and it resolved to believe the plaintiff's version.

Nor can the contention prevail that plaintiff failed to prove notice of defect. The proof established that the Gas Works created the defect through its work and that it was permitted to remain without correction. There is no basis here for argument as to notice or the lack thereof. Cf. *Bitting v. Wolfe,* 368 Pa. 167, 82 A. 2d 21.

Judgment reversed and here entered in favor of the plaintiff against the Philadelphia Gas Works, with liability over for the Gas Works against Dan A. Cedrone.