Breskin, Appellant, *v.* 535 Fifth Avenue.

Argued March 17, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Hubert Teitelbaum,* with him *Goldstock, Schwartz, Teitelbaum & Schwartz,* for appellants.

*Ernest C. Reif,* with him *David B. Fawcett, Jr.* and *Dickie, McCamey, Chilcote, Reif & Robinson,* for defendant, appellee.

*John R. Dierst, Jr.,* for additional defendants, appellees.

OPINION BY MR. JUSTICE ARNOLD, April 21, 1955:

In this action of trespass for personal injuries, sustained by wife-plaintiff by falling upon a sidewalk on Fifth Avenue in the City of Pittsburgh, the plaintiffs appeal from the refusal of their motion (1) for removal of compulsory nonsuit as to additional defendants and (2) for new trial as to the original defendant. The trial court granted original defendant's motion for binding instructions to the jury on the basis that the defect in the sidewalk was not sufficient to constitute negligence, and that plaintiffs had not made out a case free of contributory negligence.

The place of the accident was on a much used and crowded sidewalk in downtown Pittsburgh. As the wife-plaintiff was walking on the sidewalk she tripped, was thrown forward, and was injured. Her evidence established that as she walked in front of original defendant's premises the sidewalk was crowded with people; that as she approached a point in front of the doorway of original defendant's building, several men stepped from it and she was made "to move over to my right to avoid their running me down." As she did so, her "foot caught in the wedge in the broken

cement" and she fell forward. She testified that she did not then know what caused her foot to be caught but upon examination determined that a triangular break at the point of occurrence was the cause. This break was approximately four by five inches in size and was about one to one and one-half inches in depth. She could not see it because there were "too many people around me and in front of me and in back of me." It is true, as contended by original defendant, that at some points in her testimony she did not fix with exactitude the cause of her fall or the exact spot; but her testimony would permit a finding of the foregoing, and the matter was for the jury to determine. *Kistardt v. Betts,* 311 Pa. 233, 166 A. 771. See also *Hayden v. City of Philadelphia,* 381 Pa. 134, 112 A. 2d 812.

Her own testimony removed additional defendants from the case, for although she stated that the accident occurred "at the borderline" of the two premises, she established that it occurred on "the Plaza Building [original defendant's] side," and that the causative defect existed only there.

What constitutes a defect sufficient to render the property owner liable must be determined in the light of the circumstances of the particular case, and "except where the defect is obviously trivial, that question must be submitted to the jury": *Aloia v. City of Washington,* 361 Pa. 620, 623, 65 A. 2d 685. " 'An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist' . . . But 'there is a shadow zone where such question must be submitted to a jury whose duty it is to take into account all the circumstances. To hold otherwise would result in the court ultimately fixing the dividing line to the fraction of an inch, a result which is absurd' ": *Henn v. Pittsburgh,* 343 Pa. 256,

258, 22 A. 2d 742. No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression necessary to convict an owner of premises of negligence in permitting its continued existence: *Emmey v. Stanley Company of America,* 139 Pa. Superior Ct. 69, 72, 10 A. 2d 795.

It cannot be said as a matter of law that the defect in the instant case was trivial, and the determination of liability should have been left to the jury. In addition, consideration of the crowded condition of the sidewalk at the time of the occurrence, and the facts surrounding the actions of the men coming from defendant's building, prevent a declaration as a matter of law that the wife-plaintiff was contributorily negligent. Even though the day was clear, the jury could rightfully determine that she could not see the defect in time to avoid it. She was under a duty to see where she was walking, but she can be charged only with the use of ordinary care. The question was for the jury under all the circumstances.

Judgment affirmed as to Harry Szabatura and Anna Szabatura, additional defendants.

Judgment reversed as to 535 Fifth Avenue, and new trial granted.