**Jemina SMITH**

v.

**PENN FRUIT CO., Inc.**

Civ. A. No. 14647.

United States District Court
E. D. Pennsylvania.

Sept. 23, 1955.

William J. Toy, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

LORD, District Judge.

Defendant has filed this Motion for Judgment n. o. v. Considered most favorably to plaintiff, the testimony introduced at the trial established the following facts. The plaintiff had been shopping in defendant's self-service food market. The food market is a large store receptive of a large volume of business. As an added convenience to shoppers using the store, the defendant had adjacent to the store a parking area. There is a cement walkway in front of the store which extends around the side and separates the store area from the parking lot. At or near the rear of the store this cement walkway and the macadam paving of the parking lot are flush with each other. However, this flush condition exists only for a few feet. The macadam paving, though only slightly at first, gradually drops down from the level of the cement walkway. At the point where the plaintiff was injured, the macadam paving is two inches lower than the cement walkway, creating a depression between the cement walkway and the macadam paving.

The plaintiff had left the defendant's store, but still remained on the premises, carrying packages and her purse. She was following her son who was proceeding to his car parked in the parking area. The plaintiff testified that she observed the area ahead of her but did not notice anything amiss or unusual. Upon finding the passageway safe, plaintiff proceeded over the cement walkway until she reached the end of the store building at which time she testified she was proceeding from the cement walkway on to the macadam parking lot. It was at this point that the plaintiff fell and was injured.

■ The defendant, at the argument, raised two issues. First, that there is no evidence that the alleged defect caused the plaintiff's fall. Secondly, that the plaintiff was contributorily negligent. I shall deal with them in that order.

The defendant cites Musleva v. Patton Clay Manufacturing Company (No. 1), 1940, 338 Pa. 249, 12 A.2d 554, as authority for his first proposition that the burden of proof is upon the plaintiff to establish certain facts before recovery can be had. There is no question as to this principle of law. There the court said, 338 Pa. at page 254, 12 A.2d at page 557, "A party attempting to fix liability on another has no right to have his evidence submitted to a jury if it is so inconclusive, i. e., so lacking in persuasiveness, that it fails to establish to an ordinary, reasonable mind the truth of the charge or claim made." It cannot be said in the present case that plaintiff's evidence is so inconclusive. Additionally, the factual situation in the Musleva case was quite different from the one involved here. The other cases cited by the defendant fol-

low the general statement of the Musleva case and are not in point.

In a recent case decided by the Supreme Court of Pennsylvania, Breskin v. 535 Fifth Avenue, 1955, 381 Pa. 461, 113 A.2d 316, the plaintiff was leaving a store and slipped and fell. In that case the plaintiff testified that she did not know what caused her foot to be caught, but upon examination determined that a triangular break at the point of occurrence was the cause.

The depression in the Breskin case was approximately four by five inches in size and was about one and one-half inches in depth. The court said, 381 Pa. at page 463, 113 A.2d at page 318, "It is true, as contended by original defendant, that at some points in her testimony she did not fix with exactitude the cause of her fall or the exact spot; but her testimony would permit a finding of the foregoing, and the matter was for the jury to determine." In Breskin v. 535 Fifth Avenue, 1955, 381 Pa. 461, at page 463, 113 A.2d 316, at page 318, the Supreme Court of Pennsylvania said, "What constitutes a defect sufficient to render the property owner liable must be determined in the light of the circumstances of the particular case, and 'except where the defect is obviously trivial, that question must be submitted to the jury'."

In further support of the position that the proximate cause of the plaintiff's fall is a jury question, one need only read Hayden v. Philadelphia, 1955, 381 Pa. 134, 112 A.2d 812, 813. In that case the lower court said: " '* * * the jury could, at best, only guess whether the hole into which plaintiff fell was the same hole created by the Gas Company.' * * *'" In rejecting this contention, the Supreme Court commented, 381 Pa. at page 137, 112 A.2d at page 813, "Therefore, the fact that there was some discrepancy as to the exact location of the defect is immaterial. It was again for the jury to determine the fact from the evidence, and it resolved to believe the plaintiff's version."

In reviewing the testimony of all witnesses at the trial, I cannot find that the plaintiff's case was so inconclusive or so lacking in persuasiveness as to take it away from the consideration of the jury as a matter of law.

As to the second issue, viz., whether the plaintiff was guilty of contributory negligence; she testified that she looked to the ground and could observe no danger in proceeding or any depression or change of level on the premises. It is also evident from the testimony that the plaintiff was not so overburdened with bundles that she could not observe the route she intended to follow. Indeed, the record is lacking of any testimony that her field of vision was obstructed in any manner by her bundles. The plaintiff can be held only to the exercise of ordinary care. For in Bruch v. Philadelphia, 1897, 181 Pa. 588, at page 591, 37 A. 818, at page 819, the court said, "[Persons] walking on the pavements of a large city, are not bound to exercise extraordinary care. Care according to the [attending] circumstances is all the law enjoins." They have the right to assume the pavements are reasonably safe, and that they, by the ordinary use of their eyes, [and going] at an ordinary pace, can safely walk on them." It has become well settled law in Pennsylvania since Coolbroth v. Pennsylvania Railroad Company, 1904, 209 Pa. 433, at page 439, 58 A. 808, at page 810, that " 'The question of contributory negligence cannot be treated as one of law unless the facts and the inferences from them are free from doubt. If there is doubt as to either, the case is for the jury.' "

An interesting case of recent decision and nearly on all fours with the present case is DiMenna v. Philadelphia, 1955, 381 Pa. 596, 114 A.2d 123. This was a case of a partially blind woman slipping on a raised section of pavement. The court indicated that the fact of her age and semi-blindness imposed upon her a greater duty of watchfulness. Even so, the court concluded that where the testimony was not very clear in regard to the manner in which the accident happened, it was a jury question.

The case of McDonald v. Mars Borough, 1952, 371 Pa. 625, 92 A.2d 199, cited by defendant, is clearly distinguishable on one important fact. There the plaintiff was fully aware of the defect long before the accident. That is not our case. The present plaintiff testified this was the first time she had ever been on the premises of the defendant. Additionally, defendant cites Harrison v. Pittsburgh, 1945, 353 Pa. 22, 44 A.2d 273, to support his allegation of contributory negligence of plaintiff. That case is readily distinguishable on its facts. The plaintiff there did not allege she stumbled because of the elevation of a sewer manhole cover, but merely that she slipped on something.

It cannot be said as a matter of law that the defect in the instant case was trivial, and the question of liability was properly left to the jury. While the plaintiff was under a duty to see where she was walking, she can be charged only with the use of ordinary care. Since there was competent testimony to support the verdict, it should stand.

Accordingly, defendant's Motion for Judgment n. o. v. is denied.