## Meduri v. Aldi, Inc.

C.P. of Monroe County, No. 4552 CIVIL 2012

*Heather S. Lanza*, for plaintiff.
*Lauren E. Dobrowalski*, for defendant.

WILLIAMSON, *J.*, November 20, 2013—Theda J. Meduri has filed a motion for partial summary judgment alleging that defendant Aldi, Inc. breached its duty to her by failing to inspect and maintain an area of its parking lot causing it to be unsafe. As a result, the plaintiff alleges she fell due to a defect on the premises and sustained injuries. We will grant in part and deny in part the motion. The defendant has also filed a motion for summary judgment alleging that there was no dangerous condition on the property causing plaintiffs fall. We will deny the defendant's motion.

In considering a motion for summary judgment, we must review the record in the light most favorable to the non-moving party, and all doubts as to a genuine issue of material fact must be resolved against the moving party. *Loughran v. The Phillies*, 205 Pa. Super. 396, 888 A.2d 872 (2005). There can be no genuine issue of material fact in dispute, and the moving party must be entitled to judgment as a matter of law. *Id.*

In review of plaintiff's motion, she requests summary judgment on the issues of defendant owing her a duty of care and a breach of that duty. Plaintiff and her husband came to defendant's store and defendant is a business open to the public, making the relationship one of a business invitee. We also note that the defendant does not dispute that it owed the plaintiff a duty of care as a business invitee. (*See* defendant's answer with new matter to plaintiff's motion for summary judgment). As such, we find that the defendant can be held liable if it knows, or by the exercise of reasonable care, would discover the condition and should realize that it involves an unreasonable risk of harm to business invitees, and should expect that they will

not discover or realize the danger or will fail to protect themselves from the danger, or if the defendant fails to exercise reasonable care to protect the business invitee. Therefore, we grant plaintiff's motion in part and find the defendant owed a duty of care to the plaintiff as a business invitee.

However, we do not find that the plaintiff has met its burden to show defendant breached its duty to the plaintiff for purposes of her motion for summary judgment. There are still facts in dispute for a jury to consider. The defendant disputes that plaintiffs fall was caused by a defective condition. Defendant cites inconsistencies in plaintiffs various statements and affidavit as to where she fell and how she fell. Plaintiff's expert opinion by RKR Hess is only based upon an assumption of where the plaintiff fell. The defendant also disputes knowledge of a dangerous condition or that such condition could be reasonably discovered or known to them. Plaintiff alleges that the lack of visual inspection of the outside premises on a regular basis and lack of knowledge of maintenance of the outside premises is by itself, proof of a breach of duty by the defendant. However, whether or not this would reveal a defect, or was a breach of a standard of care is a factual determination for a jury. It is an issue that remains in dispute. Therefore, this portion of the plaintiff's request for partial summary judgment is denied.

The defendant alleges that the plaintiff cannot prove a defect on the property, or that she fell as a result of any defect that may have existed. The defendant argues that any defect, if one existed, was trivial, and thus, it is impossible to find the defendant was negligent. As cited by the defendant, "[A]n elevation, a depression or an

irregularity on a street or highway may be so trivial that courts, as a matter of law, are bound to hold that there was no negligence in permitting such depression or irregularity to exist." *Bosach v. Pittsburgh Railways Company*, 410 Pa. 558, 189 A.2d 877, 880 (1963). However, whether or not a property owner has maintained their property so as not to present an unreasonable risk must be determined on a case-by-case basis. *See McGlinn v. City of Philadelphia*, 186 A. 747 (Pa. 1936). There is no definite or mathematical rule as to what constitutes a trivial defect as a matter of law. *See Breskin v. 535 Fifth Ave.*, 113 A.2d 316 (Pa. 1955). Therefore, if the defect is not obviously trivial, the question of negligence must be determined by a jury. *Id.* At 318. Looking at all of the circumstances in this case, we cannot say there is an obviously trivial defect.

In looking at the facts in the light most favorable to the plaintiff, she fell in an area of the parking lot where there are visible changes in elevation. Plaintiff fell in a marked handicap area, which one could assume would be flat, with no dangerous conditions, or at least little to no elevation changes. Defendant argues the plaintiff was inconsistent in describing where and how she fell. However, plaintiff did identify an area in photos at her deposition where she believes she fell due to the appearance of blood on the ground from her knee injury. Looking at the photos, it is clear that this area is close in proximity to a break (crack) in the pavement/concrete that runs parallel to the sidewalk and building. It was also close to a curb that has a varying change in elevation from the parking area from 0" to several inches or more within a reasonable distance from where the plaintiff identified her knee hit the ground. This portion of the curb was also within a

reasonable proximity from where the store manager found the plaintiff after she fell. It is reasonable to conclude that either the crack running through the parking area, or the curbing adjacent to the parking area could have caused the plaintiff to fall and end up on the ground where she did. It is also difficult to tell at this time whether or not either location is such a trivial defect as to be impossible to find the defendant negligent. Under the circumstances, in light of both potential defects being within a handicap zone, the fact the plaintiff was assisting her handicapped husband walk in this area which required her attention, and the area being right by the shopping cart bay and the sidewalk to the store's entrance, one would not necessarily expect a dangerous condition. Therefore, we cannot say this condition where plaintiff believes she fell was a trivial condition.

Likewise, viewing all of the facts in the light most favorable to the plaintiff, we cannot say that plaintiff's fall was definitely the result of something other than a dangerous condition. Defendant points out that the plaintiff is not clear in her recollection of what caused her fall, or where exactly she fell. The defendant also notes the plaintiff gave different accounts of the location of the fall. However, a jury could find that the plaintiff fell in the location she identified as having left a blood spot on the ground. This was within a reasonable distance from both the crack in the pavement and/or change from pavement to cement, and the raised curb to the sidewalk that had an elevation change. A jury could conclude either of these conditions caused the fall. Again, looking at the testimony in the light most favorable to the plaintiff, the defendant's motion for summary judgment must be denied.

## ORDER

And now, this 20th day of November, 2013, it is ordered and decreed as follows:

1. Plaintiff's motion for partial summary judgment as to the defendant owing her a duty of care as a business invitee is granted.

2. Plaintiff's motion for partial summary judgment that the defendant breached its duty of care is denied.

3. Defendant's motion for summary judgment is denied.