**Walker v. Community Action Realty, Inc.**

C.P. of Lycoming County, No. 13- 00,418

*Andrew S. Dashevsky*, for plaintiff.
*Thomas E. Brenner*, for defendant.

GRAY, *J.*, Oct. 13, 2014—Before the court is defendant's motion for summary judgment in a personal injury case where the plaintiff slipped and fell on the landing at the top of the steps exiting defendants' building. Defendants contend they are entitled to summary judgment because plaintiff failed to identify the specific defect that caused her fall and because the alleged defect was so trivial that allowing it to exist was not negligent as a matter of law. Upon review and consideration of the briefs and argument in this matter, defendants' motion for summary judgment is denied.

## Procedural Background

On February 19, 2013, plaintiff, Sarah Walker, filed a complaint in negligence related to her fall on March 3, 2011. On April 22, 2013 the parties filed a stipulation in which the general averments of negligence set forth in paragraphs 11(i) and 11(j) of the complaint were stricken. On April 23, 2013, defendant, STEP, Inc. (STEP), filed an answer with new matter, raising comparative negligence, plaintiff's pre-existing medical condition, and assumption of the risk. On June 24, 2013, defendant, Community Action Realty, Inc. (CAR), filed an answer with the same new matter as STEP. On June 4, 2014, defendants filed a joint motion for summary judgment with a supporting brief. On July 9, 2014, plaintiff filed her response to the motion for summary judgment with a supporting brief attached. Argument was held on July 28, 2014. No case monitoring notice has been filed.

## Factual Background

On March 3, 2011 Sarah Walker went to the STEP office at 2138 Lincoln Street related to programs offered there. Upon exiting the building, Walker stumbled, tripped and fell down the stairs into the sidewalk, sustaining injuries. Walker fractured three teeth and lost consciousness. In her deposition, Walker testified that her foot came into contact with a raised portion of the pavement on the porch at the top of the stairs, causing her to trip and fall down the stairs. *See*, Response to Summary Judgment (RSJ), at 4, *citing* Walker Dep. at 41:7-43:9. It is undisputed that there is a "raised area of the porch surface" located a few inches from the front edge of the top step, between the doormat and front step. The investigative report indicates that the irregularity is located three inches from the front edge of the exterior landing. The investigative report indicates

that the irregularity consists of an area of about 1 3/4 x 1 3/4 and is 1/8th of an inch high. *See,* Summary Judgment Motion (SJM) at 3, Investigator's report at 2. The raised area of the porch surface is located directly in the middle of the steps, which is a busy, heavily traversed point of primary access to a public building.

## Conclusions of Law

### Summary Judgment

1. Pursuant to Pa. R.C.P. 1035.2, the court may grant summary judgment at the close of the relevant proceedings if there is no genuine issue of material fact or if an adverse party has failed to produce evidence of facts essential to the cause of action or defense. *Keystone Freight Corp. v. Stricker,* 31 A.3d 967, 971 (Pa. Super. Ct. 2011).

2. A non-moving party to a summary judgment motion cannot rely on its pleadings and answers alone. Pa. R.C.P. 1035.2; 31 A.3d at 971.

3. When deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, with all doubts as to whether a genuine issue of material fact exists being decided in favor of the non-moving party. 31 A.3d at 971.

4. If a non-moving party fails to produce sufficient evidence on an issue on which the party bears the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Keystone,* 31 A.3d at 971 (citing *Young v. Pa. Dep't of Transp.,* 744 A.2d 1276, 1277 (Pa. 2000)).

### Negligence — Trivial Defects

5. "Pennsylvania law provides that property owners have a duty to keep their sidewalks in a reasonably safe

condition for travel by the public." *Peair v. Home Ass'n of Enola Legion No. 751*, 287 Pa. Super. 400, 430 A.2d 665, 667 (Pa. Super. 1981). "Property owners must maintain their sidewalks so that they do not present an unreasonable risk of harm to pedestrians." *Bromberg v. Gekoski*, 410 Pa. 320, 189 A.2d 176, 177 (Pa. 1963); *German v. City of McKeesport*, 137 Pa. Super. 41, 8 A.2d 437, 440 (Pa. Super. 1939).

6. A defect in sidewalk may be so trivial that the property owner or municipality cannot be liable as a matter of law. *Davis v. Potter*, 340 Pa. 485, 17 A.2d 338 (Pa. 1941)(no liability where pedestrian slipped and fell on snow and ice covering an elevation in pavement common in the city.) *see also, Bosack v. Pittsburgh Railways Co.*, 410 Pa. 558, 189 A.2d 877 (Pa. 1963) (no liability where plaintiff tripped on depression or irregularity about 1 1/2 to 2 inches wide located *outside normal pedestrian crossing*) *see also Harrison v. City of Pittsburgh*, 353 Pa. 22, 44 A.2d 273, 274 (Pa. 1945) (finding that property owners could not be negligent because slightly elevated manhole cover in middle of sidewalk was slight and trivial).

7. "No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression" to determine whether the defect is trivial as a matter of law. *Mull v. Ickes*, 994 A.2d 1137, 1141 (Pa. Super. 2010), citing, *Breskin v. 535 Fifth Ave.*, 381 Pa. 461, 113 A.2d 316, 318 (Pa. 1955); *Emmey v. Stanley Co. of America*, 139 Pa. Super. 69, 10 A.2d 795, 797 (Pa. Super. 1940). Thus, if the defect is not obviously trivial, the question of negligence must be submitted to a jury. *Mull*, 994 A.2d at 1141, citing, *Breskin*, 113 A.2d at 318. The Superior Court reversed summary judgment based upon the triviality of the defect in *Mull v. Ickes, supra*. In that case, the defect

consisted of a gap in the sidewalk measuring about two inches with a height difference of about 1 and 1/2 between slabs of concrete. "The gap was in the direct line of travel of one entering the building." *Mull v. Ickes*, 994 A.2d at 1138.

Causal Connection

8. Logical and reasonable inferences as to the cause of a fall are sufficient to raise an issue of material fact and deny summary judgment. *See, e.g., Marks v. Tasman*, 527 Pa. 132, 137, 589 A.2d 205, 207 (Pa. 1991). In *Marks*, the plaintiff was an 89 year old, legally blind man who did not see what caused his fall. However, evidence placed his foot near a hole at the time of the fall. This evidence was sufficient to establish that he fell because of the defect in the sidewalk. *See also, Harris by Harris v. Hanberry*, 149 Pa. Commw. 300, 613 A.2d 101 (Pa. Cmwlth. 1992) ("finding that a hole on the defendant's property alleged to have caused a fall presented a material factual question that precluded summary judgment").

Discussion

In the present case, a genuine issue of material fact exists with respect to the cause of plaintiff's fall. In her deposition, plaintiff stated that she fell because her foot got caught on the raised area of the porch surface located between the doormat and the front steps. The parties agree that there is an irregularity in the pavement on the porch at that location. While defendant points to contradictory evidence, plaintiff sufficiently presented an issue of fact as to causation.

As to the second issue, the defect has not been established as so trivial as to warrant summary judgment. "No definite or mathematical rule can be laid down as to

the depth or size of a sidewalk depression" to determine whether the defect is trivial as a matter of law. *Mull v. Ickes*, 994 A.2d 1137, 1141 (Pa. Super. 2010), citing, *Breskin v. 535 Fifth Ave.*, 381 Pa. 461, 113 A.2d 316, 318 (Pa. 1955). In the present case, the plaintiff contends she tripped on a raised area of the porch surface located directly in the middle of a primary means of exit from a public building. As in *Ickes, supra,* the defect in the present case was in "the direct line of travel of one entering the building." In the present case, there is an admitted "irregularity" where plaintiff fell, located right middle of where the public would be expected to step before descending the step at a busy, heavily traversed public building. Indeed, plaintiff fell while leaving STEP in a manner and location intended for exit from a public building. This court concludes that a jury can decide that allowing this defect to exist at this location constitutes negligence.

Accordingly, the court enters the following order.

### ORDER

And now, this 13th day of October, 2014, it is ordered and directed that summary judgment is denied.