J-A23033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DIANE FORD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RED ROBIN INTERNATIONAL, INC., T/D/B/A RED ROBIN GOURMET BURGERS, INC., T/D/B/A RED ROBIN RESTAURANT | |
| Appellee | No. 1825 WDA 2014 |

Appeal from the Order Entered October 6, 2014
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 11C100936

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 01, 2015**

Appellant, Diane Ford, appeals from the order entered in the Westmoreland County Court of Common Pleas, which granted the motion for summary judgment filed on behalf of Appellee, Red Robin International, Inc., t/d/b/a Red Robin Gourmet Burgers, Inc., t/d/b/a Red Robin Restaurant ("Red Robin").  We affirm.

The relevant facts and procedural history of this case are as follows. On the afternoon of February 18, 2009, Appellant and her husband went to eat at a Red Robin restaurant.  Appellant and her husband parked their car in a lot outside the restaurant.  Appellant walked across the parking lot onto a sidewalk that led to the restaurant entrance and, without incident, stepped

in a puddle of water where the parking lot met the sidewalk curb, although she could have entered the restaurant without walking through the puddle. Appellant and her husband continued into the restaurant. They finished their meal and exited the restaurant around 4:30 p.m. or 5:00 p.m. Appellant stepped in the same puddle and slipped, causing her to fall and sustain injuries. Appellant filed a complaint on March 19, 2012, alleging Red Robin was negligent for failing to fix the hazardous condition created by the puddle. Red Robin filed a motion for summary judgment on May 23, 2012. The court granted Red Robin's motion for summary judgment on October 6, 2014. Appellant filed a timely notice of appeal on October 31, 2014. The court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); and Appellant filed none.

Appellant raises the following issues for our review:[1]

> WHETHER…THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING IN FAVOR OF [RED ROBIN], WITH RESPECT TO [RED ROBIN'S] SUMMARY JUDGMENT MOTION, AND STATING THAT…APPELLANT DID NOT MEET [HER] BURDEN BY SHOWING THAT THE DEFECT EXISTED[?]

_____

[1] Appellant failed to include in her brief a separate statement of questions involved and to divide her argument into as many parts as there are questions to be argued. **See** Pa.R.A.P. 2116, 2119. Nevertheless, Appellant presents two questions for review at the beginning of her argument section, followed by discussion of those issues with citation to pertinent authorities. Therefore, we will address Appellant's issues because the defects in her brief do not substantially impair our review. **See Forrester v. Hanson**, 901 A.2d 548 (Pa.Super. 2006) (addressing appellant's claims where defects in brief did not substantially impair Court's ability to review issues presented).

> WHETHER…THE COURT ERRED AS A MATTER OF LAW [BY RULING] THAT…APPELLANT DID NOT MEET [HER] BURDEN IN SHOWING THAT [RED ROBIN] HAD NOTICE AND AS A RESULT, GRANTED [RED ROBIN'S] SUMMARY JUDGMENT MOTION[?]

(Appellant's Brief at 7).

In her issues combined, Appellant argues a genuine issue of material fact exists regarding the size and depth of the puddle because Appellant and her husband testified the puddle was one or two inches deep, whereas Red Robin's expert determined it was only one-half inch deep. Appellant contends an issue of fact also exists as to whether her fall was caused by stepping on a rock in the puddle or by losing her balance after walking along a narrow curb. Appellant asserts the parties dispute the extent of Appellant's injuries as well. Appellant further claims an issue of fact exists as to whether Red Robin had notice of the condition given that an hour had passed between the two times Appellant stepped in the puddle, and photographs taken almost four years after the accident showed a puddle in the same location. For all of these reasons, Appellant concludes summary judgment was improper. We disagree.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super. 2006).

Judicial discretion requires action in conformity with law on

facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment,

[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record

that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

To prevail in a negligence action, a plaintiff must establish the defendant "owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Merlini ex rel. Merlini v. Gallitzin Water Authority*, 602 Pa. 346, 354, 980 A.2d 502, 506 (2009). A possessor of land is one "who is in occupation of the land with the intent to control it." *Stanton v. Lackawanna Energy, Ltd.*, 584 Pa. 550, 566, 886 A.2d 667, 677 (2005) (citing Restatement (Second) of Torts § 328E). The standard of care a land possessor owes to a person who enters upon the land depends on whether the entrant is a business invitee, licensee, or trespasser. *Carrender v. Fitterer*, 503 Pa. 178, 184, 469 A.2d 120, 123 (1983).

Business invitees are owed the highest duty of care of any land entrant. *Chenot, supra* at 63. A land possessor is liable for physical harm caused to an invitee if the following conditions are satisfied:

[The land possessor] knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the

- 5 -

invitee will not realize it or will fail to protect [herself] against it, and the [land possessor] fails to exercise reasonable care to protect…invitees against the danger.

*Estate of Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa.Super. 1997), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997) (citation omitted).  The "mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence."  *Myers v. Penn Traffic Co.*, 606 A.2d 926, 928 (Pa.Super. 1992), *appeal denied*, 533 Pa. 625, 620 A.2d 491 (1993).  An **invitee** must present evidence proving "either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition."  *Estate of Swift, supra*.  What constitutes constructive notice depends on the circumstances of the case, but one of the most important factors to consider is the time that elapsed between the origin of the condition and the accident. *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa.Super. 2001).  The invitee need not produce evidence on how long the alleged condition existed if the condition is of a type with an "inherently sustained duration" (as opposed to something transitory such as a spill), and a witness saw the condition immediately before or after the accident.  *Id.*

Nevertheless, "[A]n elevation, depression, or irregularity in a sidewalk or in a street or highway may be so trivial that, as a matter of law, courts

are bound to hold that there was no negligence in permitting such depression or irregularity to exist." ***Mull v. Ickes***, 994 A.2d 1137, 1140 (Pa.Super. 2010). No definite or mathematical rule exists as to the depth or size of a depression to determine whether the defect is trivial as a matter of law. ***Id.*** "What constitutes a defect sufficient to render the property owner liable must be determined in the light of the circumstances of the particular case…." ***Breskin v. 535 Fifth Ave.***, 381 Pa. 461, 463, 113 A.2d 316, 318 (1955). "[A] paving defect is trivial when it would be completely unreasonable, impractical and unjustifiable to hold [the] defendant liable for its existence." ***Massman v. City of Philadelphia***, 430 Pa. 99, 101, 241 A.2d 921, 923 (1968). The "trivial defect" rule is intended to avoid imposing liability on property owners for "common and usual" imperfections. ***See Van Ormer v. City of Pittsburgh***, 347 Pa. 115, 31 A.2d 503 (1943).

Instantly, the court reasoned as follows:

> The [c]ourt finds that [Appellant] has not provided sufficient evidence to prove the existence of a defective condition in [Red Robin's] parking lot, nor the actual cause of [Appellant's] fall. Her testimony indicates only that, while exiting the building, she possibly slipped on a rock or gravel underlying a puddle that she had already walked through once upon entering the building. This incident took place during daylight hours, on a balmy day during a thaw where there were puddles present. [Appellant] has not provided an expert report to counter the expert report of [Red Robin], which indicates that no defect was present, nor has [Appellant] provided testimony or evidence establishing a defective condition in the parking lot. Even if the condition of the parking lot on the day of [Appellant's] accident could be proved to have been defective, it is so trivial a defect that the [c]ourt is bound

to hold there was no negligence in permitting its existence.

Further, [Appellant] has failed to show notice on behalf of the property possessor of the alleged defect in the parking lot. [Appellant] acknowledges that she walked through the puddle on the way into the restaurant and did not mention the alleged defect to anyone, nor has she provided any evidence of similar falls or complaints due to the alleged ongoing defective condition. The [c]ourt recognizes that [Appellant] suffered physical injuries as a result of her fall on the premises; however, after considering all of the evidence, testimony and pleadings of record, the [c]ourt is constrained to conclude that no genuine issues of fact exist regarding material elements of the cause of action, as it is clear that [Appellant] has not met her burden of showing a defective condition existed or that the property possessor had notice of any such condition.

(Order, filed October 8, 2014, at 2-4) (internal citations omitted). The record supports the court's analysis. Appellant's only evidence of the size and depth of the puddle was her and her husband's estimate that it was one or two inches deep. The court acted within its discretion when it determined that a small rock or piece of gravel in a shallow puddle in a parking lot constituted a trivial defect. **See Mull, supra**. Appellant failed to adduce sufficient evidence to support the conclusion that the puddle presented an unreasonable risk of harm. **See Estate of Swift, supra**. Moreover, Appellant failed to meet her burden to show that Red Robin had actual or constructive notice of the allegedly defective condition before the accident occurred. **See id.** Based on the foregoing, the court properly entered summary judgment in favor of Red Robin. Accordingly, we affirm.

Order affirmed.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/1/2015</u>